[S. F. No. 3497. In Bank.—February 6, 1907.]

## CHARLES H. MACKINTOSH, Appellant, v. AMERICAN FIRE INSURANCE COMPANY, Respondent.

FIRE INSURANCE—DECISION AFFIRMED.—The decision in case No. 3498, *ante*, p. 440, is affirmed and applied to similar facts in this case.

ID. — PROVISION FOR EMPLOYMENT OF WATCHMAN — DIFFERENCE IN PHRASEOLOGY IMMATERIAL.—*Held*, that the difference in phraseology of the clause relating to the employment of watchmen when the works were idle has no different effect from the clause considered in the case above referred to.

APPEAL from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court in this case, and in case No. 3498, *ante*, p. 440.

Campbell, Metson & Campbell, G. W. Baker, and Thomas H. Breeze, for Appellant.

Goodfellow & Eells, for Respondent.

THE COURT—Appeal from a judgment for defendant in an action upon a policy of fire insurance.

The property destroyed was covered by various policies in addition to the one sued upon in this action, and actions were brought upon these different policies. In one of these cases *(Mackintosh v. Agricultural Fire Ins. Co.)*, judgment went for the defendant, and that judgment has just been reversed by this court. (See opinion filed in *Mackintosh* v. *Agricultural Fire Ins. Co., ante*, p. 440, [89 Pac. 102], S. F. No. 3498.) The present case presents the same facts as those considered by the court in the Agricultural Company's case. It is true that the phraseology of the "watchman clause" differs somewhat in the two cases. In the "Agricultural" case the policy read: "Permission granted for the above-described works to remain idle, it being warranted by the assured that at all times when the above works are idle or inoperative, one or more

watchmen shall be constantly on duty at night." In this case the policy contained the following: "Warranted by the insured that, during such time as the within described buildings or works are idle or not in operation, whether closed for repairs, or during the absence of workmen, or otherwise (except as otherwise herein provided), one or more watchmen shall be on duty constantly, day and night, in and immediately about the said buildings or works, and, if the said buildings or works shall at any time remain shut down for more than thirty (30) days, notice shall be given this company, and permission to remain so shut down be obtained and indorsed hereon, or this policy shall be null and void." But it is not claimed by the appellant that this clause has, so far as the points raised on this appeal are concerned, any different effect from that of the clause in the Agricultural policy, and we think the views expressed by us on the other appeal are equally applicable here.

For the reasons stated in the opinion in *Mackintosh* v. *Agricultural Fire Ins. Co., ante,* p. 440, the judgment is reversed and the cause remanded for a new trial.